**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESSE GRANT, III,**<br><br>  Petitioner,<br><br>vs.<br><br>**GARY SWARTHOUT, Warden,**<br><br>  Respondent. | Case No.: 11-CV-6690 YGR<br><br>**ORDER GRANTING APPLICATION OF PETITIONER TO HOLD HABEAS PETITION IN ABEYANCE PENDING FILING OF PROPOSITION 36 SENTENCE REDUCTION PETITION IN STATE COURT** |

Petitioner Jesse Grant, III ("petitioner" or "Mr. Grant") is a California state prisoner serving a sentence of 200 years to life consecutive to 32 years determinate under California's Three Strikes Law. On December 29, 2011, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising five claims for relief. On September 27, 2012, Respondent filed its Answer and Memorandum of Points and Authorities in Support of Answer.

On November 6, 2012, following the passage of Proposition 36 by the California Electorate, the Three Strikes law was changed such that: (1) persons, such as Petitioner, who have two or more prior "strike" convictions but whose current convictions are for felony offenses which are not "serious" or "violent" felonies under California law would be subject to a different sentencing calculation; and (2) prisoners, such as Petitioner, who have already been sentenced, can petition the trial court to have their sentences reduced consistent with the new law. Petitioner contends that, if his sentence reduction petition is granted, his current sentence, which is in effect a life sentence, will be reduced to a maximum determinate term of 19 years, 4 months.

Petitioner now brings this Application to Hold Federal Habeas Petition in Abeyance Pending Filing of Proposition 36 Sentence Reduction Petition in State Court. (Dkt. No. 16, "the Application".)[1] The Application is unopposed by Respondent.[2]

---

[1] Prior to the present application being filed, William M. Robinson of Sixth District Appellate Program has filed a Notice of Appearance as counsel for petitioner.

1  The Court possesses a strong interest in granting a stay where it would be "efficient for [the
2 Court's] docket and the fairest course for the parties." Leyva v. Certified Grocers of Cal., 15 593
3 F.2d 857, 863 (9th Cir. 1979). In analogous circumstances, the U.S. Supreme Court has recognized
4 the authority of district courts to issue "stay and abey" orders to permit exhaustion of state habeas
5 claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277-79 (2005) (approving stay and
6 abeyance procedure to allow petitioner to exhaust claims in state court where good cause exists).

7  The Court finds good cause for a limited stay to permit Petitioner to exhaust a new state
8 procedure that arose after the filing of his habeas petition herein. Therefore, the Court orders that
9 this matter is **STAYED** pending the filing and determination of Petitioner's Proposition 36 sentence
10 reduction petition in the state court.

11  This matter is set for a status hearing on **Friday, June 7, 2013, at 9:01 a.m.** Five days in
12 advance of that hearing, the parties shall **file a joint status statement** regarding the status of the
13 Proposition 36 petition and its likely time to resolution. If the Court is satisfied with the statement,
14 no appearance will be necessary.

15  This terminates Docket No. 16.

16  **IT IS SO ORDERED**.

17 **Date: May 16, 2013**

18  _____
   **YVONNE GONZALEZ ROGERS**
   **UNITED STATES DISTRICT COURT JUDGE**

---

[2] Counsel for Respondent indicated to counsel for Petitioner that Respondent agreed to an abeyance for the limited purpose of filing a Proposition 36 petition in state court. (*See* Declaration of William Robinson, Dkt. No. 16, at ¶6.)